Welch, J.
Two questions are involved in the construction of this will: 1st. Does its fourth clause create a trust ? 2d. If it does, who are the beneficiaries ? Although both questions arise upon the face of the will, and have been elaborately argued before us, yet if the first question be answered negatively, the second one falls outside the case, and need not be considered. We naturally, therefore, inquire, first, is there a trust? Does the wife take the rents, dividends and interest, mentioned in the fourth clause of the will, as a beneficial and absolute estate; or does she take them in trust, no matter now, whether that trust, if it exists, will result to herself as heir-at-law, by implication, or will inure to the bene *560 fit of Orando Taylor’s children, by virtue of the sixth clause-of the will.
The operative words of the bequest, by themselves considered, unmistabedly and admittedly, give to Mrs. Taylor a mere trust. The bequest is plainly expressed to be “ in trust,”' and, as if to make it more certain, it is declared to be “ in trust only.” The question presented, therefore, is whether these words, “in trust only,” are so in conflict with other parts of the will as to justify their rejection or modification, on the ground that the will, taken in all its parts and provisions, shows an intention to give to the wife an absolute and beneficial estate in the rents, dividends and interest, and not a-mere naked trust.
It is a well-settled rule of law, that in order to justify such rejection or modification, the repugnancy must arise upon the-face of the will itself, and cannot be created or supplied by extraneous proof. And it is true also, as has been argued by counsel, that there is no other distinct word or clause in this-will, so in conflict with the clause in question, as necessarily to require the rejection of one or the other. I apprehend,, however, that a direct repugnancy of that nature is not always necessary for the purpose, but that the repugnancy may-consist in the fact that the clause to be rejected is in conflict with the general scope and tenor of the will, including as-well its implications and omissions, as its positive provisions.
The words “in trust only” importing clearly an intention to give to the wife a mere trust, the question to be decided is, whether a contrary intention is more clearly manifested elsewhere, or otherwise, in the will. In other words, does-the simple reading of the will — the whole will and nothing-but the will — inspire the belief that the testator meant to-give to his wife a beneficial interest, or does it inspire the-belief that he meant merely to impose upon her the burden of a trust ? If upon such reading the latter conviction is reached, then we ought to reject the words “ in trust-only,” or assign them some other than their strict legal import, so as to make them harmonize with the other provisions of the will.
*561 The provisions and features of the will which seem to negative the idea of a mere trust estate in the wife are these:
1. The trust is limited to the life of the wife; a limitation wholly useless in case an actual trust was intended, but which is apt and appropriate on the supposition that she was to have-a beneficial interest.
2. The bequest is accompanied by a proviso, that the corpus from which a part of the subject of the bequest arises,, namely, the debts and stock, shall not he diminished; & proviso evidently pointed at the wife, and pregnant with the implication that something else which had been mentioned might be diminished by her; which something else could be-nothing but the income so bequeathed. To hold that this-proviso means, that one trust fund shall not be increased at the expense of the other, is wholly inadmissible. A proviso-is in its nature disjunctive, expressing opposition of meaning. But no opposition of meaning can be found in what precedes-the proviso, unless it be found in the fact that the wife had been invested with the right to diminish the fund so put into-her hands. And in what manner could the testator suppose she would diminish it ? Not, surely, by taking from the income and adding to the corpus from which it was to arise,, A proviso for the purpose of guarding against such a diminution of the income fund would have been useless -and nonsensical. If such had been the intention, the copulative word “ and ” would have been used, and not the disjunctive word. “ provided; ” because, in that case, there would be no opposition of meaning, but a mere continuation of the same meaning, and the testator would have said: “ I give the-income to my wife as a trust fund, and the corpus from, which it springs shall not be diminished.” Declaring the income to be a mere trust fund in her hands, was all the inhibition against its use or diminution that was needed, and .it. only remained to add a like inhibition as to the corpusT, which had not yet been disposed of. But the language is,, “provided that such debts and stock shall not be diminished.” Here is an undeniable implication that the income-might be diminished.
*562 3. The testator, while he is careful to provide for the management and protection of the corpus from which the fund is to arise, gives no direction as to the management or protection of the fund itself, or the manner of executing the'trust. Not a word is said as to the times, places, or forms of its investment, or requiring its investment at all; nor is any direction given as to the appointment of another trustee, in the event that the wife should die before the majority of the youngest child of Grundo Taylor, or in case she should decline to act as trustee.
4. No beneficiaries of the trust are named, and none can be inferred even, unless the inference is to be drawn from the use of general terms contained in the sixth clause, which can be fully satisfied, and more appropriately construed, without :any such inference.
5. The receipt of the.devise and bequest made to the residuary legatees is postponed till the decease of the wife, notwithstanding the fact that they might all become of age, and be fully qualified to receive and enjoy them during her life, and without any apparent reason for such postponement, except on the supposition that the wife took a beneficial inter-est.
6. The absence of any apparent reason for severing the two funds, the corpus and the income, constituting as they naturally do but one, if the testator intended to give the whole to the residuary legatees; and when we add to this, that one of the funds, the one most easy of management, and -already secure, was put into the hands of two trustees, with bond and security for its faithful administration, and the other’, a fund whose management required much labor and skill, was placed in the hands of one of the same trustees,— or it might be, the same person acting both as trustee and -sole executrix, and without any security whatevei’ — the supposition that the testator so intended becomes not only impi’obable, but almost absurd. All this was natural enough, and strictly sensible and pi’oper, on the theory that the funds -were thus separated because they ai-e’ given to separate -parties; but if the testator intended both funds for the same *563 persons, the provisions of his will in that respect are not only apparently without any just or wise object had in view, but they seem to be without any object whatever.
These several provisions, implications and omissions of the will strongly repel the idea of an intention to create a trust estate in the wife. Taken separately neither of them may have much force, and each may, on some imaginable theory, be reconcilable with the idea that the wife takes no beneficial interest. But combined, constituting as they do the scope and body of the will, they compel the conviction, that there must be something radically wrong in the assumption, that any real trust was intended, and they force the mind to go back, as it were, and re-read the- words “ in trust only” and see whether some secondary meaning cannot be assigned them, or whether they cannot be rejected altogether.
Although the phrase “in trust” has a well defined.and settled legal meaning, it must be remembered that’ it is a technical phrase, and peculiarly liable, therefore, to be misapplied, or used in some secondary sense, by persons not learned in the law. I can imagine two such secondary senses, or rather inadmissible senses, in one or the other of which the phrase in question might have been, and most probably was, used by the draftsman of this will. He may have intended the idea, that this life income was mtrusted to the wife’s discretion, to be used in whole or in part by her, as she might see proper, thus using the term “ trust ” in the sense of confidence. Or, he may possibly have intended to apply the words “ in trust only, and during her natural life only,” to the corpus, and not to the income, on the ground that by having the use, the wifé virtually had the corpus in her hands. To assign the words either of these secondary meanings, however, would in legal effect be equivalent to their rejection. In case the first suggested meaning was the one actually intended, the wife would take an absolute estate ; and upon the latter supposition, the words “ in. trust only ” would be mere surplusage. I have little doubt but. the former was the sense in which the draftsman of this will used the phrase. He meant, in other words, to do what the *564 law has over and over again decided cannot be done — toengraft a remainder upon a fee. He intended to give the wife full dominion and power of disposition over the property, and then provide that any part of it which she chose to leave at her death, should go over to G-rundo Taylor’s children, trusting entirely to her to make a just and proper disposition of it, at or before her death. The law is well settled that such a devise would vest an absolute estate in the wife, and that for the plain reason, that a party cannot give his property absolutely to one, and qualifiedly to another. He cannot give full and unlimited dominion. over it to one, and any dominion over it or right in it to another. He cannot will his property to another, and then make a will for that other. Now, I can well imagine that the testator might have fallen into the very common error of supposing that he-could thus give the full and free use and disposition of this property, and at tbe same time limit over to the residuary legatees whatever the wife might choose to leave at her death. If such were his purpose, and he was ignorant of the true import of the technical words “ i/n trust f I know of no words he would be much more likely to adopt, to express the confidence he thus reposed in his wife than the words “ in trust.” In this sense the words are in harmony with the other provisions of the will. In their strict legal meaning they are at. war with all it contains, so far as any light is shed by its contents upon this question of trust. Strike out these words, or, what is the same thing in legal effect, give them this-secondary and impracticable import, and the will becomes sensible, reasonable, and consistent with itself. In their technical' sense they have no apparent kinship with the other words of the will. They stand there as strangers and intruders, apparently in sympathy with nothing that preeedes- or follows them.
That the draftsman of this will was capable of making such a mistake, and that some such mistake equally gross and bungling, either here or elsewhere, in the will, was actually committed by him, is quite evident. He was manifestly unkilled in the art of expressing thoughts by words. The testa *565 ¡tor’s intentions, regarding two of the principal subjects of his will, namely, the hind of estate the wife should take in the life income from the property, and, if a mere trust estate, for whose benefit it should be held by her, are not only not made clear and certain, but it would almost seem as if the language •employed had been used for the purpose of covering them up, and it is only by a very liberal use of the rules of construction that they can be reached, or rather conjectured, at all. Some of the words of the will must be eliminated, or severely modified, otherwise no sensible and reasonable con•clusion can be attained as to what the testator’s intentions in relation to this life income reallywere. We are compelled either to eliminate the phrase “in trust only,” or else to eliminate from the will its reasonableness, its good sense, and the harmony and consistency of its several parts. These words out, and all is plain. With them in, the will is a riddle The maxim that a remainder cannot be engrafted on a fee is a truism resulting from adjudications made in cases where blunders, like the one here supposed, have been committed, and where a consequent repugnancy has resulted. Inconsistent estates in the same property were apparently devised. In one part of the will, or viewed from one standpoint, the testator seemed to have intendéd an absolute fee in the first devisee, while in another part of the will, or viewed from a different standpoint, he seemed to intend a remainder in fee to a second devisee. Both intentions cannot be carried out. Either both the apparent devises must be declared void for uncertainty, or else one or other must be rejected, or modified. The latter alternative has invariably, been adopted by the courts. The cases under this head, accordingly, arrange themselves into two classes, those where the present estate is left to stand as a fee-simple^ and the remainder is rejected, and those where the remainder is left to stand, and the present estate is cut down to a life interest. I cannot better summarize the rules by which courts seem to have been guided in both classes of cases, as I understand those rules, than by saying, that we are to discriminate in favor of the estate, or rather the intention, which the will, taken in all its parts, *566 most strongly supports. It is simply a question of probable meaning, to be decided in the light of all that appears in the will. A leading case of the last-mentioned class, where the fee-simple estate was cut down to a life interest and the remainder permitted to stand, is that of Smith v. Bull, 6 Pet. 68. There the language of the bequest to the wife, by itself considered, clearly imported an’absolute title. The bequest was'expressed to be “for her own use and benefit, and disposal absolutely.” And yet the court held that enough appeared elsewhere in the will to show that the testator meant to give her only a life estate. This case was "substantially followed by us in the case of Baxter v. Bowyer et al., 19 Ohio St. 490, where the leading cases on the subject will be found referred to.
I allude to these adjudications for a single purpose, and that is, to show that the principle which necessarily underlies them all is broad enough to reach the present case. That principle is no narrower than this, that language plainly importing a devise or bequest, of any description of estate, may, by what appears elsewhere in the will more plainly, be overcome or modified, so as to annihilate the estate, or change it into an estate of a different hind. If the result indicated is a change, it matters not whether the change is to be made by cutting down, or by magnifying the estate. The same reason and the same necessity underlie both processes. If the hand of construction is at all to be laid upon the immediate .words of the devise or bequest, it must be left free, as well to build up as to pull down. If a' fee-simple may be thus cut down to. a life estate, for a similar reason a trust estate may be raised to a beneficial estate.' It is a rule which necessarily works both ways, if it works at all. It is a rule which can never be applied except to wills which are inartifieially drawn. It is said that no two wills are alike, and the saying is very probably true if applied only to wills inartificially drawn, and therefore the manner and process of applying the rule in each case will depend upon the particular nature of the blunder committed by the draftsman. I have already indicated the character of the blunder which wa *567 think most probably occurred in drawing this will. If we are right in this, it was the testator’s intention to give the wife a beneficial interest.
Upon the whole, we are of opinion that these words “ in trust only,” in their ordinary legal sense, are so in conflict with the general scope and tenor of the will, that they must be rejected, or held to have no legal effect in its construction, and that the wife took an absolute property in the rents, dividends, and interests specified in the fourth clause of the will.
Petition dismissed, without costs.
Scott, C.J., and ‘White, Day, and McIlvaine, JJ., concurred.